UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERESA M. ALTMAN,

                Plaintiff,

       v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C17-5867 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred in evaluating the medical evidence, plaintiff's testimony, and lay testimony. Dkt. 11. For the reasons discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

**BACKGROUND**

Plaintiff is currently 60 years old, has at least a high school education, and has worked as a nurse. Administrative Record (AR) 30. Balance problems and dizziness led to discovery in August 2015 of a slow-growing brain tumor behind plaintiff's left ear. AR 490, 516. On October 15, 2015, plaintiff had surgery to remove the tumor. AR 595.

Plaintiff applied for benefits in January 2014, alleging disability as of April 30, 2011.

AR 83. Plaintiff's application was denied initially and on reconsideration. AR 82, 95. After the ALJ conducted a hearing in November 2016, the ALJ issued a decision finding plaintiff not disabled. AR 36, 20-31.

**THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date of April 30, 2011.

**Step two:** Plaintiff has the following severe impairments: recent onset of mild cognitive deficits, history of acoustic neuroma, and age related degenerative disc/joint disease (exacerbated by motor vehicle accidents in February 2010 and August 2011.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform medium work with only occasional stooping, balancing, or climbing. She must avoid all exposure to unprotected heights, moving machinery, and simple hazards. She is limited to simple, repetitive, routine tasks.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled.

AR 22-31. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.[3]

DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff argues that the ALJ erred by rejecting her testimony, two doctors' opinions, and two lay witness statements.

**A.      Medical Evidence**

A treating physician's opinion is entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

### 1. Psychological Examiners

Plaintiff argues the ALJ erred by rejecting the opinions of examining doctors Donna J. Johns, Psy.D., and Nicole Zenger, Ph.D., that plaintiff showed extreme cognitive impairment.[4] AR 299-301, 339-44. Dr. Johns' May 2014 opinion and Dr. Zenger's March 2015 opinion were given before plaintiff's brain tumor diagnosis and surgery. *Id.*; AR 595. The ALJ rejected both doctors' opinions because they were based on observations that were contradicted by the medical record as a whole. Dr. Johns observed plaintiff was "highly circumstantial and tangential and markedly difficult to redirect." AR 299. Dr. Zenger observed plaintiff was "disorganized and tangential while answering questions." AR 344. Because plaintiff's behavior during their examinations was so different from any other doctor's description of her behavior, the ALJ was "convinced that the claimant exaggerated her symptoms at these two exams." AR 29. Plaintiff appears to misunderstand the ALJ's reasoning, and argues that the ALJ is "acting as his own medical expert." Dkt. 11 at 5. But the ALJ relied on medical evidence in the record, and his finding is supported by substantial evidence. Mental status examinations about a month before surgery showed plaintiff had intact immediate, short term, and long term memory; normal orientation; good fund of knowledge; and normal speech. AR 517, 473. In a cognitive

---

[4] Plaintiff asserts that these opinions were uncontradicted by a treating or examining doctor, and thus can only be rejected for clear and convincing reasons. Dkt. 13 at 2. But the opinions were contradicted by the opinions of nonexamining doctors Anita Peterson, Ph.D., and Carla van Dam, Ph.D. AR 89-90, 114, 118. The "specific and legitimate" standard applies. *See Trevizo*, 871 F.3d at 676 (where treating physician's opinion was inconsistent with nonexamining physician's opinion, "specific and legitimate" standard was applied).

assessment by speech pathologist Julie A. Hill one week after surgery, plaintiff showed only "mild cognitive impairment." AR 629. A neuropsychological status examination about three months after surgery showed average to low average memory, language, and attention. AR 713.

Plaintiff argues that Dr. Zenger's own findings constitute evidence in the record that support Dr. Zenger's and Dr. Johns' opinions. Dkt. 13 at 4. Plaintiff again appears to misunderstand the ALJ's reasoning. The ALJ found these doctors' *findings* were invalid because they were contradicted by the medical record as a whole, and rejected their *opinions* as based on invalid findings. In this circumstance, plaintiff cannot cite Dr. Zenger's invalid findings as support for her or Dr. Johns' opinions.

Plaintiff argues that treating provider observations were consistent with Dr. Johns' and Dr. Zenger's. Dkt. 11 at 5. Ms. Hill described plaintiff as "tangential" in conversation in therapy one month and two months after surgery. AR 666, 685. However, she continued to assess the cognitive deficit as "mild." *Id.* Beginning on December 31, 2015, about two and a half months after surgery, Ms. Hill portrayed plaintiff as much more organized and focused. AR 693-94. Subsequent treatment notes through September 2016 continued to show plaintiff as focused and did not describe plaintiff as tangential. AR 713, 752, 766, 771, 773, 778, 783, 788. The ALJ's interpretation of the record, that aside from a period of recovery from surgery plaintiff showed no major cognitive deficits, is rational and must be upheld. *See Burch*, 400 F.3d at 680-81. Contradiction by the medical record was a specific and legitimate reason to reject Dr. Johns' and Dr. Zenger's opinions.

The ALJ bolstered his conclusion by reasoning that plaintiff had a "very good work history" until April 2011 and there was no evidence of any intervening "event or traumatic injury" that could have caused the serious cognitive problems described by Dr. Johns and Dr.

Zenger. AR 29. Plaintiff argues that the tumor, or the surgery to remove it, is a "traumatic injury" that might have caused the cognitive problems found by Dr. Johns and Dr. Zenger. Dkt. 13 at 12. However, the surgery occurred well after Dr. Johns' May 2014 and Dr. Zenger's March 2015 opinions. And plaintiff does not explain how a slow-growing tumor could cause "traumatic" injury. *See The American Heritage Dictionary for the English Language* (4th ed. 2000) (defining "trauma" as a "serious injury or shock to the body, as from violence or an accident"). Plaintiff's speculative argument fails to demonstrate that the ALJ's findings were unsupported by substantial evidence or based on an error of law.

The ALJ permissibly rejected Dr. Johns' and Dr. Zenger's opinions as based on findings inconsistent with plaintiff's treatment record. The Court concludes the ALJ did not err by rejecting these opinions.

**2.     Other Medical Opinions**

Plaintiff argues the ALJ erred by giving "significant weight" to the opinions of a nonexamining doctor and plaintiff's treating chiropractor, because the opinions were issued before plaintiff was diagnosed with the brain tumor and underwent surgery.[5] Dkt. 11 at 8-9. The opinions relate to plaintiff's physical abilities and limitations, and plaintiff offers no argument or evidence that, aside from a period of recovery from the surgery, plaintiff's physical abilities declined as a result of the tumor diagnosis or surgery. A claimant bears the burden to provide proof that she is disabled. 20 C.F.R. § 404.1512(a).

Plaintiff also argues that the opinions of nonexamining psychological evaluator Carla van Dam, Ph.D., should have been rejected in favor of the opinions of examining evaluators Dr.

---

[5] Notably, plaintiff does not argue that Dr. Johns' and Dr. Zenger's opinions should be rejected because they, too, were issued before the brain tumor diagnosis and surgery.

Johns and Dr. Zenger, because examining doctors' opinions are generally given more weight than nonexamining doctors' opinions. Dkt. 11 at 9. However, the ALJ permissibly rejected the opinions of Dr. Johns and Dr. Zenger. Accordingly, their opinions did not provide a reason to discount Dr. van Dam's opinions.

The Court concludes plaintiff has not shown error in the ALJ's assessment of these three doctors' opinions.

### 3. Other Medical Evidence

Plaintiff also provides a recitation of the other medical evidence, and summarily concludes that it supports her alleged symptoms. Dkt. 11 at 6-8. The Court does not reweigh the evidence, so this medical evidence recitation with no substantive analysis or legal argument is of little value. *See Thomas*, 278 F.3d at 954. Because plaintiff has not explained any specific errors with respect to the medical evidence she lists, the Court will not address that evidence further. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). Plaintiff also asserts, without any citation to evidence or authority, that having vertigo "would prevent her from safely performing any type of physical labor that requires her to be on her feet." Dkt. 11 at 8. Counsel's unsupported assertion does not establish any error by the ALJ.

### B. Plaintiff's Testimony

The ALJ discounted plaintiff's testimony because it was not entirely consistent with the medical and other evidence. AR 26. Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and

convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

At the November 2016 hearing, plaintiff testified that, every hour for a couple of minutes, she experiences vertigo that prevents her from doing anything. AR 65-67. At least once every two weeks, the dizziness lasts an hour or more and plaintiff has to lie down. AR 67-68. In a December 2014 report, plaintiff said she is unable to work because her impairments make her slower. AR 217, 219. She can only lift about 10 pounds and can only walk a quarter of a mile before needing to rest for five minutes. AR 222. In May 2014, plaintiff told an examining doctor that she cannot work because of vertigo and anxiety. AR 299.

The ALJ discounted plaintiff's symptom testimony because before surgery her symptoms were not "work preclusive" and after surgery she had only mild cognitive deficits and vertigo, "but both problems appear to have improved with therapy." AR 27. Plaintiff argues that these findings are not supported by substantial evidence. Dkt. 11 at 10. The Court disagrees. After surgery, plaintiff's treatment providers diagnosed her with only "mild cognitive impairment." AR 629, 666. After surgery and physical therapy, plaintiff "walk[ed] without cane/walking sticks" and experienced dizziness but "not as often." AR 780. The ALJ did not err by concluding that the medical evidence did not support plaintiff's symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ also discounted plaintiff's symptom testimony as inconsistent with her activities of daily living such as walking three miles a day, caring for her husband, caring for small children, and helping family members pack boxes and move. AR 28. An ALJ may discount a

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 8

claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff argues that none of the activities are inconsistent with her allegations of *cognitive* impairment. Dkt. 11 at 11. However, the ALJ's finding that plaintiff's physical symptom testimony is unreliable casts doubt on all of her testimony. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("An ALJ's finding that a claimant generally lacked credibility is a permissible basis to reject excess pain testimony."). Plaintiff next argues that the activities the ALJ cited are not actually inconsistent with her testimony. Dkt. 11 at 11-12. The ALJ found plaintiff's claim that she could only walk a quarter of a mile before resting inconsistent with her report that she took three-mile walks daily. AR 28 (citing AR 222, 395, 415). Plaintiff argues it is possible that she walked three miles in twelve quarter-mile increments. Dkt. 11 at 11-12. The ALJ found plaintiff's claim that she did not read well inconsistent with her report that she went to the library daily. AR 28 (citing AR 221, 647). Plaintiff argues these are not inconsistent, because she did not say she could not read at all. Dkt. 11 at 11. The evidence is susceptible to multiple interpretations. But the ALJ's interpretations—that a person who walked three miles a day could walk longer than a quarter mile at a time and that a person who could not read well would not go on daily reading outings—are rational and must be upheld. *See Burch*, 400 F.3d at 680-81.

The Court concludes the ALJ did not err by discounting plaintiff's symptom testimony.

**C.      Lay Witness Statements**

Plaintiff argues the ALJ erred by rejecting her husband's statement and failing to address the statement of a Social Security interviewer. Dkt. 11 at 14-15. An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

### 1. Plaintiff's Husband

Plaintiff's husband reported that because of plaintiff's impairments, it took longer to do things and she needed reminders. AR 202-209. The ALJ gave these statements "little weight" because "recent records show that the claimant is successfully using lists to help remember things, and her cognitive symptoms are mild at best." AR 30. The ALJ's reasons are germane, and supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (lay witness testimony may be rejected if contradicted by medical evidence). Plaintiff reported that using lists was "beneficial." AR 766; *see also* AR 773 (plaintiff using "steno pad/memory book" much more). And plaintiff's treatment providers diagnosed her with only "mild cognitive impairment." AR 629, 666.

### 2. SSA Interviewer

In February 2014, a Social Security interviewer reported that plaintiff seemed to be in a "mental fog" and the interview was slow because she would give "a long, drawn out response that did not answer the question." AR 200. The ALJ made no mention of this report. "Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, … the ALJ's failure to discuss the lay witness testimony [is not] prejudicial per se." *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). As plaintiff notes, the interviewer's statements are similar to plaintiff's and her husband's. Dkt 11 at 14. The ALJ's reasons for discounting those statements apply equally well to the interviewer's statements. The medical record shows only mild cognitive impairment. Any error in failing to expressly address the interviewer's report was harmless. *Molina*, 674 F.3d at 1117.

The Court concludes the ALJ did not err by discounting the lay witness testimony.

# CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 1st day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE